# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

**BRANDON YOUNG**                                                                   **PLAINTIFF**

v.                                              **CIVIL ACTION NO. 5:19-CV-P135-TBR**

**KATHLEEN KENNEY et al.**                                        **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff, Brandon Young, a prisoner proceeding *pro se*, initiated this civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the complaint will be dismissed.

## I. STATEMENT OF CLAIMS

Plaintiff[1] is an inmate at the Kentucky State Penitentiary (KSP). He states that he arrived at KSP on December 28, 2018, and that since then he has tried "to get Correct Care Solutions employees to give him the proper care and treatment for his bulging disc that severely impinges at the nerve root." He names as Defendants the Kentucky Department of Corrections (KDOC); KDOC Commissioner Kathleen Kenney; Warden Debra Hart; Deputy Warden Skyla Grief; Medical Director Lewis; Nurse Administrator Nancy Raines; Nurse Practitioner Kim Jernigan; Nurse Practitioner Karen Ramey; and Nurses Sherry Hendrix and Sandra Whisker.

Plaintiff alleges that Defendants are obligated by the Eighth Amendment to provide adequate medical care for a serious medical need. He states that approximately two and a half years earlier he was seen by a spine specialist who recommended therapy and medication for his bulging disc. He states that at times his legs "go numb while sitting causing him to fall when he

---

[1] The handwritten document which initiated this action in state court was titled "Petition for Declaration of Rights." This "petition" refers to "Petitioner" and "Respondent" rather than Plaintiff and Defendant. The Court will refer to the petition as a complaint and to the parties as Plaintiff and Defendants.

stands up, and sometimes he can't walk without chronic pain." He further states that about a year and a half ago he had a perforated bowel and a G.I. specialist told him that certain medication could cause the lining of his stomach to become thin and perforate again. He asserts that Defendants have failed to treat his serious medical need by not providing physical therapy for the bulging disc. He also asserts that "discs can herniate easier when already bulging."

Plaintiff states that in a "staff contact to Nurse Practitioner Kim Jernigan" Defendant Jernigan told him that "we would gradually increase your Nortiptyline.[2] We also discussed that we would attempt to decrease your pain, however, due to the chronic nature of the pain, complete relief may not be possible." He states that the medical treatment he has received in prison only relieves the pain for a short period of time and that then he is in pain again. He also asserts that "medication has harmful side effects to his health and cause further damage down the road." He states that he knows that he has a problem with addiction to pain pills and is not seeking a narcotic or other addictive medicine. As relief, he asks for monetary damages and surgery to "repair disc."

Plaintiff attaches as exhibits to his complaint copies of a number of grievances and sick-call requests related to his back condition. Among those attachments is a grievance related to his back pain dated January 14, 2019, which states that the only medication he was receiving was "Bakfin,"[3] which, according to the grievance, was not working for the pain. Those exhibits also include a "Health Services Staff Contact Form" dated February 11, 2019, in which Plaintiff

---

[2] Nortriptyline is a medication for, among other things, depression and chronic neuropathic pain. *See* https://en.wikipedia.org/wiki/Nortriptyline.

[3] According to www.drugs.com/baclofen, Baclofen is a "muscle relaxer and an antispasmodic agent . . . used to treat muscle symptoms; such as spasm, pain and stiffness; caused by multiple sclerosis, spinal cord injuries, or other spinal cord disorders."

states that "the medication alone is not no treatment plan cause I'm still in pain." The response from Defendant Jernigan on that form was, in pertinent part, as follows:

> We discussed at your previous visit that we would gradually increase your Nortriptyline. We also discussed that we would attempt to decrease your pain, however, due to the chronic nature of the pain, complete relief may not be possible. You have an appointment with a provider soon for follow-up.

Also attached is a Health Care Grievance Committee Response dated March 8, 2019, to one of Plaintiff's complaints about his back pain. That response explains that Plaintiff was seen on January 16, 2019, on a sick-call slip that was placed on January 9, 2019, for pain. That response states, "You were seen by the provider on [January 16, 2019,] and new medications were prescribed at that time[;] you were also seen by the provider on [February 26, 2019,] and medications were adjusted again."

## II. <u>ANALYSIS</u>

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a pro se plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The complaint alleges that Plaintiff's Eighth Amendment right has been violated. Congress has explicitly provided a remedy for constitutional violations brought against state and local officials and local units of government in 42 U.S.C. § 1983. The Sixth Circuit has stated that "it is unnecessary and needlessly redundant to imply a cause of action arising directly under the Constitution where Congress has already provided a statutory remedy of equal effectiveness through which the plaintiff could have vindicated [his] constitutional rights." In *Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989), the Sixth Circuit held that § 1983 provides the exclusive remedy for constitutional claims brought against state and local officials and local units of government. A plaintiff has no cause of action directly under the Constitution. Therefore, the Court construes Plaintiff's Eighth Amendment claim as being brought under § 1983. *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992); *Henderson v. Corr. Corp. of Am.*, 918 F. Supp. 204, 208 (E.D. Tenn. 1996).

To establish an Eighth Amendment violation premised on inadequate medical care, a prisoner must demonstrate that Defendant acted, or failed to act, with "deliberate indifference to serious medical needs." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002). A deliberate-indifference inquiry has two components, one objective and one subjective. A plaintiff satisfies the objective component by proving that he has a medical need that is "sufficiently serious." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001). "A 'serious medical need' exists where, objectively, the failure to treat the prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) (internal quotation marks and citation omitted). "To satisfy the subjective component, the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock v. McCrary*, 273 F.3d at 703.

The Sixth Circuit has noted that in the context of deliberate-indifference claims: "[W]e distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where a prisoner alleges only that the medical care he received was inadequate, "federal courts are generally reluctant to second guess medical judgments." *Id*. "A plaintiff must also show that his claim involves more than a difference of opinion between the plaintiff and a doctor regarding the plaintiff's diagnosis and treatment." *Wilson v. Smith*, No. 3:15-CV-P456-CRS, 2015 WL 6870142, at *4 (W.D. Ky. Nov. 6, 2015) (citing *Westlake*, 537 F.2d at 860, n.5).

Here, the Court assumes for purposes of this initial review that Plaintiff's bulging disc is a serious medical need. However, Plaintiff clearly is evidencing a disagreement with treatment he has received rather than lack of treatment. The complaint and exhibits attached thereto establish that Plaintiff has been seen multiple times by various health care providers for pain. Additionally, he has been prescribed at last two kinds of medication for his back pain. He asserts that he was previously prescribed medication and physical therapy for his back by a specialist and that he should have surgery for his back pain but such assertions are simply his disagreements with the treatment he is receiving for his back pain. Because Plaintiff is receiving medical treatment for his condition, albeit not the medical treatment he would prefer, he fails to state a § 1983 claim. *Westlake*, 537 F.2d at 860, n.5.

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss this action.

Date: November 8, 2019

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
　　Counsel of record
4413.009

6