**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CIVIL ACTION NO. 5:19-CV-00135-TBR**

**BRANDON YOUNG**                                                                                      **PLAINTIFF**

**V.**

**KATHLEEN KENNY, Commissioner, et al.,**                         **DEFENDANTS**

## MEMORANDUM OPINION & ORDER

This matter is before the Court on limited remand from the Sixth Circuit Court of Appeals. (DN 25). At issue is whether the Plaintiff, Brandon Young, has shown excusable neglect or good cause to warrant an extension of time for filing a notice of appeal. Further briefing on this issue is unnecessary. For the following reasons, the Court finds that Plaintiff has shown good cause to warrant an extension of time for filing a notice of appeal. The Court grants Plaintiff **fourteen (14) days** from the entry of this Memorandum Opinion & Order to **file his notice of appeal**.

On November 8, 2019, this Court entered a Memorandum Opinion & Order dismissing Plaintiff's claims in this action. (DN 16; DN 17). Federal Rule of Appellate Procedure 4(a)(1)(A) requires Plaintiff to file any notice of appeal within thirty days of that Order. Plaintiff's notice of appeal was therefore due on December 9, 2019. Plaintiff failed to meet this deadline. Instead, Plaintiff filed an "Appeal Notice" on December 30, 2019—approximately fifty days after the Order dismissing his claims. (DN 18). Thus, it appears at first glance that Plaintiff has failed to comply with the Federal Rules of Appellate Procedure. However, the Sixth Circuit Court of Appeals instructs that "Young's notice of appeal effectively reads as a motion for an extension of time to file an appeal and will be treated as such." (DN 25). Federal Rule of Appellate Procedure

4(a)(5)(A)(i)-(ii) provides that "[t]he district court may extend the time to file a notice of appeal if . . . a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires" and "regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Because Plaintiff's "Appeal Notice" was filed within thirty days of the deadline for filing a notice of appeal and because the Court of Appeals has instructed that the Appeal Notice shall be treated as a motion for extension of time to file a notice of appeal, this Court must now determine "whether Young has shown excusable neglect or good cause to warrant an extension of time for filing a notice of appeal." (DN 25).

Mr. Young has shown good cause for an extension of time to file his notice of appeal. According to the Advisory Committee's note to the 2002 Amendments to Fed. R. App. P. 4:

> The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The good cause standard applies in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.

Fed. R. App. P. 4(a)(5)(ii) advisory committee's note. A finding of either "good cause" or "excusable neglect," then, will be sufficient to warrant a grant of the movant's motion for extension of time. The Advisory Committee's note to the 2002 Amendments further explains:

> Thus, the good cause standard can apply to motions brought during the 30 days following the expiration of the original deadline. If, for example, the Postal Service fails to deliver a notice of appeal, a movant might have good cause to seek a post-expiration extension. It may be unfair to make such a movant prove that its "neglect" was excusable, given that the movant may not have been neglectful at all. Similarly, the excusable neglect standard can apply to motions brought prior to the expiration of the original deadline. For example, a movant may bring a pre-expiration motion for an extension of time when an error committed by the movant makes it unlikely that the movant will be able to meet the original deadline.

*Id.* In this case, Mr. Young explains that he was transferred from the Kentucky State Penitentiary to Kentucky State Reformatory and place in the Corrections Psychiatric Unit pending a mental health evaluation and stabilization. Mr. Young's placement into the psychiatric unit apparently prevented him from having access to this Court's Order and Judgment dismissing his case. *See* (DN 18). Mr. Young further explains that he was placed into psychiatric care for a mental health evaluation, that he was not allowed to have property while receiving this care, and that he had no way to inform the Court of his decision to appeal until he was released from the psychiatric unit on December 17, 2019.

Mr. Young was not placed into the psychiatric unit through any fault of his own. Rather, prison officials placed Mr. Young into the unit in the best interest of Mr. Young's health and safety. Culpability is entirely absent from the decision to provide Mr. Young with healthcare. Therefore, Mr. Young has shown good cause and the Court grants him fourteen days from the entry of this Memorandum Opinion & Order to file his notice of appeal.[1]

Alternatively, Mr. Young has also shown "excusable neglect" in failing to timely file a notice of appeal. The United States Supreme Court addressed the issue of what constitutes "excusable neglect" in the context of bankruptcy law in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership.*, 507 U.S. 380, 395 (1993). The Sixth Circuit Court of Appeals held in *United States v. Thompson*, 82 F.3d 700, 702 (6th Cir. 1996) that the standard set forth in *Pioneer* applies in civil cases as well as bankruptcy cases. The *Pioneer* court defined "neglect" as "late filings caused by inadvertence, mistake, or carelessness." *Pioneer*, 507 U.S. at 388. It then prescribed an "equitable" determination, "taking account of all relevant circumstances surrounding

---

[1] Fourteen days is the maximum period of extension that Rule 4(a)(5)(C) allows. The Rule states: "No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later."

the party's omission." *Id.* at 395. The *Pioneer* court considered the following factors: (1) danger of prejudice to the other party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; and (4) the movant's good faith. *Id.* In this case, the Court believes that an examination of the equities based on these factors weighs in favor of granting an extension. The Court does not find any significant prejudice or delay by granting a fourteen day extension. Furthermore, Mr. Young's pursuit of healthcare certainly provides an excusable reason for the delay in this case and counsels that he acts in good faith in seeking an extension. For these reasons, the equities balance in favor of allowing Mr. Young an extension of time to file his notice of appeal.

**ORDER**

For the foregoing reasons, **IT IS HEREBY ORDERED,** the Court **GRANTS** Plaintiff fourteen (14) days from the entry of this Order to file his Notice of Appeal with the Court. This is a final and appealable order.

*Thomas B. Russell*

Thomas B. Russell, Senior Judge
United States District Court

March 2, 2020

CC: PRO SE
CC: COUNSEL